IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SONDRA RAY, as the personal representative of the estate of her son, Steven Davis, | )<br>)<br>) |
| Plaintiff | )<br>)<br>) |
| v. | ) CASE NO. |
| RODERICK GADSON;<br>STEVEN D. HARRISON;<br>CLIFFORD O'NEAL;<br>WILSON B. CLEMONS; and<br>UNIDENTIFIED CORRECTIONAL OFFICERS 1-3, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

Plaintiff complains of defendants, stating as follows:

### Nature of the Action

1. This is a civil action brought by plaintiff, as the personal representative of the estate of her son, Steven Davis, against various ADOC correctional officers, who brutally beat Davis, ultimately killing him, in violation of Davis' constitutional right, guaranteed by the Fourth Amendment, not to be subjected to excessive force.

### Jurisdiction and Venue

2. This action arises under the Fourth and Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983. The Court has jurisdiction of this

matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

3. This judicial district is an appropriate venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the suit happened in this judicial district.

**Parties**

4. Sondra Ray is of legal age and a citizen and resident of the state of Alabama. She is the duly appointed representative of the estate of her son, Steven Davis.

5. Defendant Roderick Gadson was a correctional officer at Donaldson Correctional Facility in Bessemer, Alabama at all relevant times.

6. Defendant Steven D. Harrison was a correctional officer at Donaldson Correctional Facility in Bessemer, Alabama at all relevant times.

7. Defendant Clifford O'Neal was a correctional officer at Donaldson Correctional Facility in Bessemer, Alabama at all relevant times.

8. Defendant Wilson B. Clemons was a correctional officer at Donaldson Correctional Facility in Bessemer, Alabama at all relevant times.

9. Unidentified corrections officers 1-3 were correctional officers at Donaldson Correctional Facility in Bessemer, Alabama at all relevant times.

10. All defendants are sued in their individual capacities only.

## Facts

11. On or about October 4, 2019, Davis was an inmate at Donaldson Correctional Facility in Bessemer, Alabama.

12. Davis had recently been transferred to Donaldson.

13. Davis was housed in a behavioral modification dorm, apparently due to issues he had at another prison facility.

14. One of the inmates in the cell next to Davis taunted Davis regarding sexual matters.

15. The taunting escalated over the course of a couple of days.

16. Davis obtained plastic shanks to deal with the inmate who was taunting him.

17. On October 4, 2019, when inmates in Davis' unit were being taken out for exercise, Davis went after the inmate who had been taunting him.

18. Davis never attempted to assault an officer.

19. The officers present, including defendants Gadson, Harrison, O'Neal, Clemons, and unidentified officers 1-3, intervened.

20. Davis immediately dropped the shanks and submitted to the officers.

21. The officers nevertheless assaulted Davis.

22. The officers stomped Davis' head.

23. At least one of the officers used a baton on Davis' head.

24. Each of the officers used excessive force on Davis or failed to intervene, despite an opportunity to do so, to prevent other officers from using excessive force.

25. Davis died as a result of blows to his head.

26. The blows to Davis' head are considered deadly force and would have been excessive even if Davis was resisting the officers.

27. The medical records state that Davis arrived at UAB "as a level I trauma [patient] via air following an assault in jail in which he was struck mainly in the face/head."

28. Head and maxiofacial CT scans showed multiple fractures and related bruising and bleeding.

29. The individual defendants acted with malice and/or with reckless indifference to plaintiffs' constitutional rights.

### Count I - 42 U.S.C. § 1983 - Excessive Force

30. On or about October 4, 2019, the individual defendants and unidentified correctional officers, acting under color of law within the meaning of 42 U.S.C. § 1983, assaulted and battered Davis without justification, ultimately causing his death. These individual defendants did thereby deprive Davis of his rights under the Eighth Amendment to the Constitution of the United States in violation of 42 U.S.C. § 1983.

Specifically, they violated Davis' right to be free from excessive force.

31. As a result of the conduct of defendants, Davis died.

## Other Matters

32. All conditions precedent to the bringing of this suit have occurred.

## Relief Sought

33. As relief, plaintiff seeks the following:

   a. That plaintiff be awarded such compensatory damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   b. That plaintiff be awarded against the individual defendants such punitive damages as a jury shall determine from the evidence plaintiff is entitled to recover;

   c. That plaintiff be awarded prejudgment and postjudgment interest at the highest rates allowed by law;

   d. That plaintiff be awarded the costs of this action, reasonable attorney's fees, and reasonable expert witness fees;

   e. That plaintiff be awarded appropriate declaratory and injunctive relief; and

   f. That plaintiff be awarded such other and further relief to which plaintiff is justly entitled.

**Dated April 14, 2020.**

Respectfully submitted,

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III
No. ASB-1200-D63H
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
Phone: 256-764-4141
Fax: 877-684-0802
Email: hank@alcivilrights.com

Attorney for Plaintiff

**Jury Demand**

Plaintiff requests a trial by jury.

s/ Henry F. (Hank) Sherrod III
Henry F. (Hank) Sherrod III