FILED
2020 Jun-08 PM 02:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SONDRA RAY, as the personal, Representative of the Estate of her son, Steven Davis,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **CIVIL ACTION NO.: 2:20-cv-499-RDP** |
| **RODERICK GADSON; STEVEN D. HARRISON; CLIFFORD O'NEAL; WILSON B. CLEMONS; and UNIDENTIFIED CORRECTIONAL OFFICERS 1-3,** ) ) ) ) ) ) ) | |
| **Defendants.** ) | |

## ANSWER

COME NOW Defendants, Roderick Gadson and Wilson Clemons[1], by and through undersigned counsel, and answers Plaintiff's Complaint as follows:

The paragraphs below correspond to the paragraphs of the Complaint. Unless specifically admitted herein, all allegations set forth by the Plaintiff are denied.

### Nature of the Action

1.  Denied.

---

[1] At the time of this filing, named Defendant, Steven D. Harrison has not been served.

## Jurisdiction and Venue

2. Admitted.

3. Admitted upon information and belief.

## Parties

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in this paragraph.

5. Admitted upon information and belief.

6. Admitted upon information and belief.

7. Admitted upon information and belief.

8. Admitted upon information and belief.

9. Denied.

10. No response required.

## Facts

11. Admitted upon information and belief.

12. Admitted upon information and belief.

13. Admitted upon information and belief.

14. Defendants deny all material allegations contained in paragraph 14 of the Plaintiff's complaint and demands strict proof thereof.

15. Defendants deny all material allegations contained in paragraph 15 of the Plaintiff's complaint and demands strict proof thereof.

16. Defendants deny all material allegations contained in paragraph 16 of the Plaintiff's complaint and demands strict proof thereof.

17. Defendants deny all material allegations contained in paragraph 17 of the Plaintiff's complaint and demands strict proof thereof.

18. Defendants deny all material allegations contained in paragraph 18 of the Plaintiff's complaint and demands strict proof thereof.

19. Defendants deny all material allegations contained in paragraph 19 of the Plaintiff's complaint and demands strict proof thereof.

20. Defendants deny all material allegations contained in paragraph 20 of the Plaintiff's complaint and demands strict proof thereof.

21. Defendants deny all material allegations contained in paragraph 21 of the Plaintiff's complaint and demands strict proof thereof.

22. Defendants deny all material allegations contained in paragraph 22 of the Plaintiff's complaint and demands strict proof thereof.

23. Defendants deny all material allegations contained in paragraph 23 of the Plaintiff's complaint and demands strict proof thereof.

24. Defendants deny all material allegations contained in paragraph 24 of the Plaintiff's complaint and demands strict proof thereof.

25. Defendants deny all material allegations contained in paragraph 25 of the Plaintiff's complaint and demands strict proof thereof.

26. Defendants deny all material allegations contained in paragraph 26 of the Plaintiff's complaint and demands strict proof thereof.

27. Defendants deny all material allegations contained in paragraph 27 of the Plaintiff's complaint and demands strict proof thereof.

28. Defendants deny all material allegations contained in paragraph 28 of the Plaintiff's complaint and demands strict proof thereof.

29. Defendants deny all material allegations contained in paragraph 29 of the Plaintiff's complaint and demands strict proof thereof.

### Count I - 42 U.S.C. § 1983 - Excessive Force

30. Defendants deny all material allegations contained in paragraph 30 of the Plaintiff's complaint and demands strict proof thereof.

31. Defendants deny all material allegations contained in paragraph 31 of the Plaintiff's complaint and demands strict proof thereof.

### Other Matters

32. Defendants deny all material allegations contained in paragraph 32 of the Plaintiff's complaint and demands strict proof thereof.

### Relief Sought

33. Denied.

    a. Plaintiff is not entitled to any damages.

    b. Plaintiff is not entitled to any damages.

    c.    Plaintiff is not entitled to interest.

    d.    Plaintiff is not entitled to costs or fees in this case.

    e.    Plaintiff is not entitled to declaratory or injunctive relief.

    f.    Plaintiff is not entitled to relief.

## **Affirmative Defenses**

1. Defendants assert that the Complaint and facts alleged therein by the Plaintiffs are insufficient to rise to the level of any alleged violation.

2. Defendants, in their official or individual capacities, deny that they violated the Plaintiff's civil rights in any way.

3. Defendants assert that they are entitled to absolute and sovereign immunity in regard to the Plaintiffs' alleged claims.

4. Defendants assert that they are entitled to qualified immunity in regard to the Plaintiffs' alleged claims.

5. Defendants are immune from liability in regard to the Plaintiff's Complaint based on state-agent immunity or discretionary function immunity.

6. Defendants deny that the Plaintiff is entitled to damages or any other relief requested.

7. Defendants affirmatively plead the doctrine of unclean hands.

8. Defendants affirmatively pleads contributory negligence.

9.   Defendants are not guilty of the things and matters alleged in the Complaint.

10.   The Plaintiff's claims are barred to the extent they are untimely.

11.   Plaintiff's Complaint fails to state a claim upon which relief can be granted.

12.   Some or all the Plaintiff's claims are barred to the extent that the Plaintiff failed to comply with any administrative prerequisites to filing suit or has failed to exhaust any administrative remedies.

13.   The Plaintiff failed to mitigate his damages, if any.

14.   Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, consent, estoppel, judicial estoppel, collateral estoppel, res judicata, and /or ratification.

15.   Defendants are entitled to immunity from any injunctive relief or any other relief under the Sovereign Immunity provision of the Alabama Constitution.

16.   This relief requested by Plaintiff is barred by the doctrine of separation of powers.

17.   Plaintiff does not have standing to commence this action.

18.   There is no justiciable case or controversy.

19. Defendants reserve and assert all affirmative defenses available under any applicable law including, but not limited to, contributory negligence and/or assumption of risk.

Respectfully submitted,

STEVEN T. MARSHALL
ATTORNEY GENERAL


 /s/ J. MATT BLEDSOE
J. MATT BLEDSOE (BLE006)
Assistant Attorney General
Counsel for Defendants

OFFICE OF THE ATTORNEY GENERAL
501 Washington Avenue
Montgomery, Alabama 36130
334-242-7443 (T)
334-353-8400 (F)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this the June 8, 2020, filed the foregoing Answer with the Clerk of the Court, using the ECF filing system, which will send notification to the following:

    Henry F Sherrod , III
    HENRY F SHERROD III PC
    119 South Court Street
    Florence, AL 35630

                                         /s/ J. MATT BLEDSOE
                                         OF COUNSEL