FILED

2020 Sep-01  PM 04:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SONDRA RAY, as the Personal Representative of the Estate of her son, STEVEN DAVIS,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 2:20-CV-00499-RDP** |
| **RODERICK GADSON, STEVEN D. HARRISON, CLIFFORD O'NEAL, WILSON B. CLEMONS, *et al.*,** | ) ) ) ) | |
| **Defendants.** | ) | |

## DEFENDANT CLIFFORD O'NEAL'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant, Clifford O'Neal ("O'Neal"), by and through his undersigned counsel of record, and answers the Complaint of Plaintiff, Sondra Ray, as the Personal Representative of the Estate of Steven Davis ("Plaintiff").

## GENERAL DENIAL

O'Neal denies each and every material allegation, factual assertion, and proposition of law asserted in Plaintiff's Complaint and demands proof thereof.

## NATURE OF THE ACTION

1.     O'Neal admits that this is a civil action brought by Plaintiff.  O'Neal denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

2.      O'Neal admits that this Court generally has jurisdiction over claims brought under 28 U.S.C. §§ 1331, 1343(a)(3), and 42 U.S.C. § 1983.

3.      O'Neal admits that this Court is a proper venue for this action as the events forming the basis for this action occurred in this judicial district.

## PARTIES

4.      Denied.

5.      Denied.

6.      Denied.

7.      O'Neal lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, he denies the same.

8.      Denied.

9.      Denied.

10.     O'Neal lacks sufficient information or knowledge to admit or deny the allegations in this paragraph; therefore, he denies the same.

## FACTS

11.     Denied.

12.     Denied.

13.     Denied.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

## COUNT I – 42 U.S.C. § 1983 – EXCESSIVE FORCE

30.     Denied.

31.     Denied.

## OTHER MATTERS

32.     Denied.

## RELIEF SOUGHT

33.    Defendant denies that Plaintiff is entitled to any relief, judgment, award or damages, including, but not limited to, the specific damages and other relief sought in subparagraphs (a) through (f) of this paragraph.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

O'Neal denies each and every material allegation in Plaintiff's Complaint, demands proof thereof, and denies that Plaintiff is entitled to recover the damages and other relief sought.

### SECOND DEFENSE

Plaintiff's Complaint fails to state a claim against O'Neal upon which relief can be granted.

### THIRD DEFENSE

O'Neal is not liable for the matter, things, and conduct alleged in Plaintiff's Complaint.

### FOURTH DEFENSE

O'Neal asserts the affirmative defenses of laches, license and privilege, consent, waiver, unclean hands, and estoppel.

## FIFTH DEFENSE

Plaintiff is barred from maintaining her claims against O'Neal under the doctrines of *res judicata* and/or collateral estoppel.

## SIXTH DEFENSE

O'Neal states that his actions were justified.

## SEVENTH DEFENSE

O'Neal states that he did not engage in any wrongful conduct, and avers that he never assaulted, stomped, or otherwise employed excessive force against Steven Davis.

## EIGHTH DEFENSE

O'Neal states that Steven Davis' own actions and conduct caused the injuries suffered.  Any injury or damage suffered by Plaintiff was caused solely by reason of Steven Davis' own conduct and not by any reason of unlawful acts or omissions by O'Neal.

## NINTH DEFENSE

O'Neal took no action that violated Steven Davis' constitutional rights.

## TENTH DEFENSE

Actions, if any, taken by O'Neal toward Steven Davis were privileged, necessary to address Steven Davis' behavior, and undertaken to accomplish lawful objectives.

## ELEVENTH DEFENSE

O'Neal took no action to deprive Steven Davis of any right, privilege, freedom, or immunity secured by the Constitution and laws of the United States of America.

## TWELFTH DEFENSE

All actions taken by O'Neal were taken pursuant to the lawful performance of discretionary acts and were at all times performed in good faith and without malice.

## THIRTEENTH DEFENSE

At all times pertinent hereto, O'Neal was acting within the line and scope of his employment as a correctional officer with the Alabama Department of Corrections and was not violating clearly established law of which a reasonable correctional officer would be aware, thereby entitling him to qualified immunity.

## FOURTEENTH DEFENSE

All actions taken by O'Neal were taken with penological justification and did not involve unnecessary and wanton infliction of pain.

## FIFTEENTH DEFENSE

Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States, on the following grounds:

(a)     It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)     It may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing without regard to the nature of the alleged wrongdoing, which infringes on the Due Process and Equal Protection Clauses of the Fourteenth Amendment;

(c)     It fails to provide a reasonable limit on the amount of the award against the defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment;

(d)     It fails to provide specific standards for the amount of the award of punitive damages, which thereby violates the Due Process Clause of the Fourteenth Amendment;

(e)     It results in the imposition of different penalties for the same or similar acts, which thereby violates the Equal Protection Clause of the Fourteenth Amendment;

(f)     It permits the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby violates the Due Process

Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment;

(g)    It permits the imposition of excessive fines in violation of the Eighth Amendment; and

(h)    It allows arbitrary and capricious imposition of damages by the jury.

## SIXTEENTH DEFENSE

The award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments to the Constitution of the United States.

## SEVENTEENTH DEFENSE

The imposition of punitive damages against O'Neal in a civil action based upon the burden of proof applicable therein deprives O'Neal of the constitutional rights afforded to him by the Fifth and Fourteenth Amendments to the Constitution of the United States by depriving him of his property without due process of law in that such damages amount to a fine, or the equivalent of criminal punishment and, therefore, should be subject to the same burden of proof that exists in a criminal prosecution.

## EIGHTEENTH DEFENSE

The grant of unfettered discretion to the jury to determine the severity of punishment in the course of awarding punitive damages violates the rights afforded

to O'Neal under the Sixth and Fourteenth Amendments to the Constitution of the United States in that the same operates to deprive him of his property without due process of law.

## NINETEENTH DEFENSE

O'Neal avers that any award of punitive damages to Plaintiff in this case will be in violation of the constitutional safeguards provided to O'Neal under the due process clause of the Fourteenth Amendment to the Constitution of the United States in that the criteria for awarding punitive damages are vague and are not rationally related to legitimate government interests.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages against O'Neal cannot be sustained because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, regarding the amount of punitive damages that a jury may impose would violate O'Neal's due process rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States.

## TWENTY-FIRST DEFENSE

Any award of punitive damages in this case based on any consideration other than O'Neal's conduct with respect to the subject of this lawsuit would violate the

due process clause of the Fourteenth Amendment to the Constitution of the United States.

## TWENTY-SECOND DEFENSE

O'Neal avers that any award of punitive damages to Plaintiff in this cause will be in violation of the Eighth Amendment to the Constitution of the United States in that the damages would be an excessive fine in violation of the Excessive Fines Clause of the Eighth Amendment.

## TWENTY-THIRD DEFENSE

O'Neal avers that imposing joint and several liability on O'Neal for the acts of others operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality, quantity, or culpability of other defendants joined in this action and thereby deprives O'Neal of his property without due process of law in contravention of the Fifth and Fourteenth Amendments to the Constitution of the United States.

## TWENTY-FOURTH DEFENSE

O'Neal avers that by allowing the jury to assess punitive damages without establishing guidelines and/or standards for the exercise of the jury's discretion, the jury exercises a policy-making function which is reserved exclusively for the legislative branch of our government and, therefore, violates the constitutional

principle of separation of powers with respect to the Constitution of the United States.

## **TWENTY-FIFTH DEFENSE**

An award of punitive damages against O'Neal on any basis other than a basis which is proportionate to his culpability or wrongdoing amounts to a grossly disproportionate award in violation of the principles underlying an award of punitive damages, defeating the purpose of an award of punitive damages, and in violation of the rights afforded to O'Neal by the Fifth and Fourteenth Amendments to the Constitution of the United States in that the same amounts to a deprivation of property without due process of law, and in violation of the rights afforded to O'Neal by the Eighth and Fourteenth Amendments to the Constitution of the United States in that the same amounts to an excessive fine.

## **TWENTY-SIXTH DEFENSE**

O'Neal pleads any statutory cap, whether applicable to punitive damages or compensatory damages, and whether still in effect or having been previously declared unconstitutional.

## **RESERVATION OF RIGHTS**

O'Neal reserves the right to raise different additional defenses as discovery progresses.

## DEFENDANT CLIFFORD O'NEAL DEMANDS
## TRIAL BY STRUCK JURY

Respectfully submitted this the 1st day of September, 2020.

/s/ R. Rhett Owens
R. Rhett Owens (ASB-9215-A52O)
Carl C. Williams (ASB-3481-Z85Z)

*Attorneys for Defendant Clifford O'Neal*

**OF COUNSEL:**

HALL BOOTH SMITH, P.C.
2001 Park Place North, Suite 870
Birmingham, Alabama 35203
Telephone: (205) 533-9650
Facsimile: (205) 435-6850
Email: rowens@hallboothsmith.com
Email: cwilliams@hallboothsmith.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing via the CM/ECF electronic filing system which will, in turn, provide notice to the below-identified individuals, on this the 1st day of September, 2020.

Henry F. (Hank) Sherrod III
HENRY F. SHERROD III, P.C.
119 South Court Street
Florence, Alabama 35630
*Attorney for Plaintiff*

J. Matthew Bledsoe
Office of the Attorney General
501 Washington Avenue
Montgomery, Alabama 36130
*Attorney for Defendants Roderick
Gaston, Wilson Clemons, and
Steven Harrison*

/s/ R. Rhett Owens
OF COUNSEL