FILED
2021 Nov-04  AM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SONDRA RAY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO.:  2:20-cv-499-RDP |
| | ) |
| **RODERICK GADSON, et al.,** | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CLEMONS'**
**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

1

# **TABLE OF CONTENTS**

Table of Contents ..................................................................................................2

Table of Authorities ..............................................................................................3

Legal Standard ......................................................................................................5

Plaintiff's Allegations ............................................................................................6

Argument ...............................................................................................................7

      I.     Count One of Plaintiff's First Amended Complaint is due to be dismissed as an impermissible "shotgun pleading." ............................7

      II.    Plaintiff's First Amended Complaint fails to state a Section 1983 claim for Eighth Amendment excessive force against Clemons (Count One) ........................................................................................11

             A.    Plaintiff's First Amended Complaint fails to allege Clemons' personal involvement in any alleged excessive force …………………………………………………..............12

             B.    Plaintiff's First Amended Complaint contains no facts alleging that Clemons acted "sadistically and maliciously" against Davis ..........................................................................14

# **TABLE OF AUTHORITIES**

**Cases**

Ashcroft v. Iqbal, 556 U.S. 662 (2009)..........................................................................5, 6, 10

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...............................................................5, 7

Cincinnati Ins. Co. v. Samsung SDI Co. Ltd., No. 5:17-cv-01688-UJH-RDP,
2018 WL 3928995 (N.D. Ala. Aug. 16, 2018) .......................................................................10

Conley v. Gibson, 355 U.S. 41 (1957)......................................................................................5

Cook v. Corizon, LLC, No. 2:17-CV-178-SMD, 2019 WL 2076392
(M.D. Ala. May 10, 2019) ...............................................................................................12, 13

Franklin v. Curry, 738 F.3d 1246 (11th Cir. 2013)..................................................................5

Fullman v. Graddick, 739 F.2d 553 (11th Cir. 1984) ..........................................................8, 9

Hale v. Tallapoosa County, 50 F.3d 1579 (11th Cir. 1995)...................................................12

Hudson v. McMillian, 503 U.S. 1 (1992) ........................................................................11, 12

Johnson v. Breeden, 280 F.3d 1308 (11th Cir. 2002) ............................................................12

Magluta v. Samples, 256 F.3d 1282 (11th Cir. 2001).............................................................10

Patel v. Lanier Cty. Ga., 969 F.3d 1173 (11th Cir. 2020).......................................................12

Sconiers v. Lockhart, 946 F.3d 1256 (11th Cir. 2020) .....................................................11, 15

Thomas v. Marshall Cty. Sheriff's Off., No. 2:13-CV-00912-RDP-JEO,
2013 WL 6568910 (N.D. Ala. Dec. 13, 2013) ........................................................................9

Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291 (11th Cir. 2018) ..............................................7

Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313 (11th Cir. 2015).....................8, 10

**Other Authorities**

FED. R. CIV. P. 8 ..............................................................................................7

FED. R. CIV. P. 10..........................................................................................7, 9

42 U.S.C. § 1983…………………………....................................................7, 11, 15

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Wilson B. Clemons ("Clemons") hereby submits this Memorandum of Law in Support of his Motion to Dismiss the First Amended Complaint (Doc. 60) filed by Plaintiff Sondra Ray ("Plaintiff"), as the personal representative of the estate of Steven Davis ("Davis").

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

In addressing a pleading such as the First Amended Complaint, when a plaintiff relies upon vague, conclusory allegations, a court must "first separat[e] out the complaint's conclusory legal allegations and then determin[e] whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief[.]'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013)

5

(quoting Iqbal, 556 U.S. at 679). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. Without its labels, conclusions, and formulaic recitation of elements of causes of action, the First Amended Complaint lacks well-pled factual allegations. Id. Accordingly, the Court should dismiss the First Amended Complaint with prejudice.

## PLAINTIFF'S ALLEGATIONS

Plaintiff Sondra Ray is the mother of Steven Davis, deceased. Plaintiff is the personal representative of the estate of Davis and brings this action on her son's behalf. Plaintiff alleges that on or about October 4, 2019, while incarcerated at Donaldson Correctional Facility ("Donaldson"), Davis was housed in a behavioral modification dorm due to prior concerns while incarcerated at another facility. (Doc. 60, ¶ 28). One of Davis's fellow inmates began instigating Davis regarding sexual matters, so Davis obtained plastic shanks to deal with the inmate. (Doc. 60, ¶¶ 29-31). On October 4th, when inmates in Davis's unit were being removed, Davis "went after" the inmate who taunted him. (Doc. 60, ¶ 32). Correctional Officers intervened. (Doc. 60, ¶ 34). Plaintiff claims Davis then submitted to the officers. (Doc. 60, ¶ 35). Plaintiff alleges the officers proceeded to assault Davis using excessive force or failing to intervene to stop such attack. (Doc. 60, ¶¶ 36-39). Davis subsequently died. (Doc. 60, ¶ 40).

Plaintiff's First Amended Complaint asserts only one claim against all Defendants, including Clemons, stemming from the alleged assault on Davis. Specifically, Plaintiff asserts an excessive force claim under 42 U.S.C. § 1983. (Doc. 60, ¶¶ 68-72).

## ARGUMENT

### I. Count One of Plaintiff's First Amended Complaint is due to be dismissed as an impermissible "shotgun pleading."

Count One of Plaintiff's First Amended Complaint is pled in a prohibited "shotgun" fashion. Federal Rules of Civil Procedure 8(a) and 10(b) establish pleading standards to which a complaint must adhere. See FED. R. CIV. P. 8(a)(2) ("A pleading…must contain…a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); FED. R. CIV. P. 10(b) ("[E]ach claim founded on a separate transaction or occurrence…must be stated in a separate count or defense."). These Rules, as a whole, require that claims provide sufficient factual grounds to show more than a speculative entitlement to relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

There are sound reasons for the rules against shotgun pleadings, and, as such, the Eleventh Circuit frequently dismisses such complaints. See e.g. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings; [t]hey waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets,

and undermine the public's respect for the courts.") (internal quotations and citation omitted). The Eleventh Circuit divides shotgun pleadings into four distinct categories. See Weiland v. Palm Beach Cty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015). In pertinent part, the Eleventh Circuit has barred 1) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any cause of action or claim for relief;" 2) a complaint "not separating into a different count each cause of action or claim for relief;" and 3) a complaint "asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." See id. Here, Count One of Plaintiff's First Amended Complaint falls within three of the four shotgun pleading categories.

First, Count One is comprised solely of two vague, conclusory assertions. See Weiland, 792 F.3d at 1322. Plaintiff must allege relevant facts with specificity as "courts have recognized that more than mere conclusory notice pleading is required [, and] a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Only one allegation pertains to the "individual correctional defendants," which includes Clemons. (Doc. 60, ¶ 68). Count One alleges that "the individual correctional officer defendants…assaulted and battered Davis without justification, ultimately causing his death. These individual defendants did thereby deprive Davis of his rights under the Eight Amendment…[and] violated Davis' right to be free

from excessive force." (Doc. 60, ¶ 68). This one allegation sets forth no factual specificity as to any excessive force in which Plaintiff claims Clemons allegedly participated. (Doc. 60, ¶ 68). Clemons, therefore, is unable to draw "reasonable inferences" to frame a responsive pleading. See Thomas v. Marshall Cty. Sheriff's Off., No. 2:13-CV-00912-RDP-JEO, 2013 WL 6568910, at *2 (N.D. Ala. Dec. 13, 2013). In addition, Count One does not adopt the previously stated factual allegations. (Doc. 60, ¶ 68-72). As such, Count One contains no specific facts that give Clemons notice of the conduct for which Plaintiff claims he is liable. Instead, Plaintiff's one allegation amounts to no more than a "conclusory notice pleading," which is insufficient and due dismissal. See Fullman, 739 F.2d at 556-57.

Second, Count One comingles claims and fails to divide separate causes of action into different counts. This fails to comply with Rule 10(b)'s requirement that "each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." FED. R. CIV. P. 10(b). In its current form, Count One contains two substantive allegations, but each allegation contains two different causes of action: 1) excessive force and 2) failure to protect inmates from excessive force.[1] (Doc. 60, ¶¶ 68-69). Under the Eleventh Circuit's decision in Weiland, Plaintiff must separate each of these causes of action into separate counts and

---

[1] In making this argument, Clemons by no means intends to assert that Plaintiff has a valid failure to protect claim. Clemons simply highlights the fact that Count One denotes two separate causes of action and, as such, is a shotgun pleading.

9

provide sufficient factual content within each count to satisfy the pleading standards of <u>Twombly</u> and <u>Iqbal</u>. Plaintiff's failure to separate distinct claims renders Count One a shotgun pleading due dismissal. <u>See</u> <u>Weiland</u>, 792 F.3d at 1322-23.

Finally, Count One fails to distinguish the defendants and the alleged wrongdoing of each. All defendants are grouped together "without specifying which of the defendants are responsible for which acts or omissions." <u>See</u> <u>Weiland</u>, 792 F.3d at 1323. Counts One is asserted against all seventeen defendants, and it does not assert specific allegations detailing the distinct acts of each defendant. (Doc. 60, ¶¶ 68-72). This style of pleading has been "condemned repeatedly" by Eleventh Circuit courts. <u>See e.g.</u> <u>Magluta v. Samples</u>, 256 F.3d 1282, 1284 (11th Cir. 2001) ("[A]ll defendants are charged in each count…making no distinction among the [] defendants charged."). By combining Defendants together, Plaintiff makes broad allegations against all Defendants as a whole without alleging the specific acts or omissions of each defendant that give rise to their liability. Such general and conclusory allegations fail to put Clemons on notice of the specific conduct Plaintiff claims he committed resulting in his liability. Absent such clarity, Clemons cannot be expected to respond to appropriate allegations against him.

For these reasons, Clemons cannot effectively respond to the claims alleged against him, as Count One is "so non-specific that [it] wholly fail[s] to provide [him] adequate notice of the grounds for each claim for relief." <u>See</u> <u>Cincinnati Ins. Co. v.</u>

10

Samsung SDI Co. Ltd., No. 5:17-cv-01688-UJH-RDP, 2018 WL 3928995, at *3 (Aug. 16, 2018). Count One of Plaintiff's First Amended Complaint, therefore, does not comply with requisite pleading Rules and is due dismissal as an impermissible shotgun pleading.

**II.     Plaintiff's First Amended Complaint fails to state a Section 1983 claim for Eighth Amendment excessive force against Clemons (Count One).**

Plaintiff's § 1983 claim for Eight Amendment excessive force seeks to hold Clemons liable for alleged force used on Davis, indicated by the one allegation that "the individual correctional officer defendants…assaulted and battered Davis without justification[.]" (Doc. 60, ¶ 68).

The "core judicial inquiry" as to whether a Plaintiff has a viable Eighth Amendment excessive force claim requires consideration of "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." See Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020) (citation omitted). "This standard requires a prisoner to establish two elements – one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind (the subjective element), and the conduct must have been objectively harmful enough to establish a constitutional violation.'" Id. (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). "With respect to the subjective element, 'to have a valid claim on the merits of excessive force in violation of the Eighth Amendment, the excessive force must have been sadistically and maliciously

11

applied for the very purpose of causing harm.'" Id. (citing Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002), *abrogated on other grounds by* Patel v. Lanier Cty. Ga., 969 F.3d 1173 (11th Cir. 2020)). As it relates to Clemons, Plaintiff's excessive force claim is not viable for two reasons. First, Plaintiff fails to allege Clemons's personal involvement in the alleged excessive force. Second, Plaintiff fails to set forth sufficient facts alleging Clemons contained the requisite culpable state of mind required of an excessive force claim.

### A. Plaintiff's First Amended Complaint fails to allege Clemons's personal involvement in any alleged excessive force.

Plaintiff seeks monetary damages from Clemons in his individual capacity resulting from his alleged excessive force on Davis. (Doc. 60, ¶¶ 25, 72). To plausibly allege such a claim, Plaintiff must, at a minimum, allege personal involvement by Clemons in a constitutional violation. "Personal involvement by an individual-capacity defendant is an indispensable element of a valid legal claim," and "only exists when the individually named defendant performed the acts or omissions at issue himself or directed a subordinate to do so." See Cook v. Corizon, LLC, No. 2:17-CV-178-SMD, 2019 WL 2076392, at *3 (M.D. Ala. May 10, 2019); see also Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995) ("[T]o prevail against [defendants] in their individual capacities, [plaintiff] was required to show that they were personally involved in acts or omissions that resulted in the constitutional deprivation."). Thus, to state a viable individual capacity claim against

12

Clemons, Plaintiff must plead that Clemons's "own individual actions [ ] violated the constitution." See Cook, 2019 WL 2076392, at *3. Plaintiff's individual-capacity claim against Clemons fails to meet this minimal standard.

Count One's allegation that the "individual correctional officers assaulted and battered Davis without justification, …thereby depriving Davis of his rights under the Eighth Amendment" does not specially identify Clemons nor specify any individual acts committed by him.[2] (Doc. 60, ¶ 68). Turning to the "facts" section of Plaintiff's First Amended Complaint, Clemons is mentioned by name in *one* substantive fact. To be specific, Plaintiff alleges that "[t]he officers present, including defendants Gadson, Clemons, O'Neal, Clemons, Williams, and Teague, intervened."[3] (Doc. 60, ¶ 34). This one fact sets forth no details of Clemons's personal involvement in the alleged excessive force. (Doc. 60 ¶ 34). Merely lumping Clemons together with other defendants in stating that they all "assaulted and battered Davis" and "intervened" does not particularize Clemons's personal involvement in any excessive force. Resultantly, Plaintiff cannot maintain his individual-capacity claim against Clemons. See Cook, 2019 WL 2076392, at *3.

---

[2] To be clear, Count One includes one other substantive allegation against the "Donaldson Supervisory defendants." (Doc. 60, ¶ 69). This allegation does not pertain to Clemons as a correctional officer.

[3] Notably, this fact is not incorporated into Count One; thus, it does not support Plaintiff's excessive force claim. Clemons only uses this fact to show that he is named one time in the First Amended Complaint.

Further, Plaintiff's citation to the Department of Justice's ("DOJ") investigation of ADOC does not save his claim as it relates to Clemons because it, too, evidences no personal involvement of Clemons in any alleged excessive force. (Doc. 60, ¶¶ 52-67). Plaintiff alleges that the DOJ released an investigative report regarding excessive force in Alabama's prisons on July 3, 2020 – *after the alleged attack on Davis in October 2019*. (Doc. 60, ¶¶ 52-67). Not only does this report fail to evidence Clemons's involvement in any alleged excessive force, but the report is entirely irrelevant to this case as a whole. The DOJ's report could not have "notified" Clemons, or any other defendant, of any excessive force or risk thereof *to Davis in October 2019*, nearly a year prior to the report's release. The allegations surrounding the report are of no help to the viability of Plaintiff's claim against Clemons, as they set forth no details as to any acts of excessive force in which Clemons engaged.

Plaintiff's failure to include allegations sufficiently tying the harm Davis suffered to any act, omission, or involvement by Clemons renders the First Amended Complaint due dismissal.

### B. Plaintiff's First Amended Complaint contains no facts alleging that Clemons acted "sadistically and maliciously" against Davis.

Even if Plaintiff sufficiently alleged Clemons's personal involvement in excessive force against Davis (he did not), his excessive force claim against Clemons would nonetheless fail because his First Amended Complaint lacks any allegations that Clemons acted with the requisite culpable state of mind. As stated above, a valid

14

excessive force claim requires Plaintiff plead that Clemons acted "sadistically and maliciously for the very purpose of causing harm" to Davis. See Sconiers, 946 F.3d at 1265. Plaintiff's First Amended Complaint does not contain any such facts. Plaintiff's entire Complaint alleges two facts indicating Clemons – one stating Clemons, among other defendants, "intervened," and the other ambiguously implicating Clemons in the assault of Davis by stating that "the individual correctional officer defendants…assaulted and battered Davis." (Doc. 60, ¶¶ 34, 68). Neither allegation even suggests that Clemons acted subjectively culpable for the purpose of causing harm to Davis. Thus, Plaintiff's excessive force claim fails.

Plaintiff's First Amended Complaint, therefore, fails to plead facts giving rise to a plausible individual-capacity excessive force claim against Clemons, rendering his Section 1983 claim due dismissal.

WHEREFORE, PREMISES CONSIDERED, Defendant Wilson B. Clemons respectfully requests that this Honorable Court dismiss Plaintiff's First Amended Complaint in its entirety.

## CERTIFICATE OF SERVICE

    I hereby certify that on **November 4, 2021,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to the following party of record:

Henry F. Sherod, III
Henry F. Sherod, III, P.C.
119 South Court Street
Florence, AL 35630

Bart G Harmon
ALABAMA DEPARTMENT OF CORRECTIONS
301 South Ripley Street
Montgomery, AL 36104

Christian Alexandra Montgomery
Terri Tompkins
ROSEN HARWOOD
2200 Jack Warner Parkway Suite 200
Tuscaloosa, AL 35401

Steven Keith Herndon
HERNDON LAW, PC
1430 I-85 Parkway
Suite 234
Montgomery, AL 36106

Richard Rhett Owens
Carl Christian Williams
Hall Booth Smith, PC
2001 Park Place North
Birmingham, AL 35203

    and I hereby certify that I have mailed by U. S. Postal Service the document to the following non-CM/ECF participants:

                                            /s/ *Philip G. Piggott*
                                            OF COUNSEL