IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SONDRA RAY,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) )   Case No. 2:20-CV-00499-RDP |
| **RODERICK GADSON**, *et al.*, | ) ) ) |
| **Defendants.** | ) ) ) |

## PROTECTIVE ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26(c) and with the consent of the parties, ORDERED:

1. **Scope of Order**.  This Order governs the handling of all documents and information produced and testimony given by the parties and designated as "confidential" or "highly confidential" under this Order.

2. **Scope of Documents Subject to Being Designated Confidential**.  Any party may designate as "confidential" or "highly confidential" any documents and information, in whatever form, including, but not limited to, any answer to interrogatories, other discovery, or deposition testimony (or exhibits) that a party reasonably believes (1) not to be in the public domain and (2) contains any confidential, proprietary, personal, sensitive, or other private information. The Alabama Department of Corrections (ADOC) may designate documents and information as "confidential" or "highly confidential" for security purposes including but not limited to

information: (1) likely to jeopardize the safety of prisoners in ADOC's custody if made public; (2) likely to result in retaliation based on a good faith belief concerning the likelihood of such retaliation due to demonstrable circumstances; (3) concerned with or related to an ongoing investigation of an incident; or (4) generated as part of internal or self-critical reviews and/or quality control materials, such as mortality reviews regarding prisoner deaths.  For purposes of this Order, the term "document" and/or "documents" means all written, recorded, graphic material, and/or any information contained therein, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise.  However, counsel agree that they will be both reasonable and restrictive in designating the above referenced information and material as "confidential" or "highly confidential."  Whenever possible, to assist in mediation, settlement, and/or trial preparation, the designating party may provide a redacted copy of any designated document so that a party may review it.

      2(a).  **Non-Disclosure of Personal Data Relating to Past or Present ADOC Employees, Including Social Security Numbers, Date of Birth, Addresses, Phone Numbers, and Family Members**.  Plaintiff's counsel understands and agrees that the above referenced personal data, including and relating to social security numbers, dates of birth, addresses, phone numbers, and family members of ADOC and former ADOC employees, are at all times deemed confidential (regardless of whether or not a document containing such information has been marked "confidential" or "highly confidential") and shall not under any circumstances be disclosed in any shape, fashion or form to (1) inmates or former inmates of ADOC, their family or friends, (2) witnesses or deponents, and (3) health care and/or mental health care providers.

3. **Designation of Documents as Confidential**. Parties may designate information and/or materials as "confidential" information or "highly confidential" by either of the following methods:

   a. By writing, typing, copying, or stamping the words "confidential" or "highly confidential" on the face of any materials upon their initial production to the opposing party in a way that brings it to the attention of a reasonable examiner.

   b. By statement on the record in a deposition that the material is designated as "confidential" or "highly confidential" and by following up with written notice specifically designating by page, line, and paragraph the testimony that is contended to be "confidential" or "highly confidential" and the grounds for the same.

In addition, any non-party that is producing documents, information, or other material that it considers to be confidential may designate such documents, information, or other material as "confidential." Thereafter, the provisions of this Order shall apply to the confidential material unless contested by any party.

4. **Disposition of Documents**. Within sixty (60) calendar days after the final disposition of the action, including any and all appeals, each party receiving "confidential" or "highly confidential" documents and information must either return the designated documents and information to the producing party or destroy such material, including all copies, abstracts, compilations, summaries, and any other form in which the confidential documents and information have been reproduced or captured. However, counsel for any party may maintain confidential documents and information necessary to comply with its document retention requirements but after such time, all confidential documents and information shall be destroyed.

5. **Permissible Disclosures**. Except for paragraph 2(a) above, which sets out the disclosure restrictions related to personal information relating to ADOC and former ADOC

employees, "confidential" or "highly confidential" documents and information may be disclosed during the investigation and preparation of this case to the following:

(a). The parties' (or bound non-parties') counsel and their partners, associates, secretaries, paralegals, assistants, coworkers, and/or employees to the extent reasonably necessary to render professional services in this litigation;

(b) A party who is bound by the terms of this Order;

(c). An expert or consultant who is retained by a party (or bound non-party) or its counsel in order to assist in the conduct of this litigation;

(d). A witness or prospective witness in this litigation, but only to the extent reasonably necessary to investigate or prepare this case or to prepare the witness to testify (and with ADOC employees or former employees personal information redacted in accordance with 2(a));

(e). Court reporters and videographers while in the performance of their official duties related to this litigation, including during depositions;

(f). The judge or any other tribunal to which any appeal of the litigation is taken, including the respective staff of the judge or such other tribunal;

(g). Copying services, translators, and litigation support firms providing consultation, graphics, and jury research (including focus group participants), subject to compliance with this Order;

(h). Other persons to whom the designating party chooses to disclose the confidential information;

(i). Persons with prior knowledge of the documents and/or the confidential information;

(j).     Any other person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

"Confidential" or "highly confidential" documents and information shall not be copied for or provided to a non-bound person, whether a witness or deponent or other person, and shall not be left in the possession of any inmate or former inmate of ADOC. All confidential documents and information will only be provided to experts, consultants, or any other non-bound third party who sign an acknowledgement of this Order and agree to be bound by it. (Counsel for the parties shall keep a list of all persons to whom "confidential" or "highly confidential" information has been provided who have signed and agreed to be bound by this Order).

6.     **Inadvertent Disclosure**.  If materials are produced containing information which, in a party's opinion, should have been, but were not, designated as "confidential" or "highly confidential" information, such party may designate such materials and/or information as "confidential" or "highly confidential" by notifying counsel for all parties of this designation in writing and by re-submitting as soon as possible a copy of the material in question designated as "confidential" or "highly confidential" pursuant to paragraph 4 above to counsel for all parties. Upon receipt of such notification, the parties will hereinafter treat the materials and/or information as "confidential" or "highly confidential" and henceforth only utilize the newly marked documents, and/or information contained therein.

7.     **Declassification**.  If a party should object to the designation of material as "confidential" or "highly confidential" that party shall give written notice of such objection to the other party. Counsel shall then in good faith attempt to confer to resolve such objections. If no resolution is reached, the challenging party may file a motion asking the court to resolve the

5

dispute. Pending resolution by the court, the "confidential" or "highly confidential" designation will remain in full force and effect.

8. **Confidential Information in Depositions**. A deponent may, during the deposition, be shown and examined about, information and/or documents designated as confidential so long as personal data identified in paragraph 2(a) above and including but not limited to data such as social security numbers, dates of birth, addresses and telephone numbers have been redacted. Deponents shall not retain and/or copy portions of the transcript of the depositions that contain "confidential" or "highly confidential" information. Any party shall have 30 days from its receipt of the completed transcript to provide written notice to the parties of the specific pages and lines of the transcript or exhibits which contain the confidential information. Until expiration of the 30-day period, all parties shall treat the entire transcript, including exhibits, as confidential information subject to the protections of this Order. If no party timely designates the transcript or a portion of the transcript as confidential information, then the transcript will not be treated as such.

9. **Confidential Information at Trial**. Subject to the Federal Rules of Evidence, "confidential" or "highly confidential" information may be offered into evidence at trial or at any hearing or during oral argument, provided that the proponent of the evidence containing confidential information gives advance notice to the Court and counsel for the producing or designating party. In the event that any confidential information is, consistent with the terms of this Order, used or disclosed in any hearing or trial, such information shall not lose its confidential status by reason of such use or disclosure. Counsel shall take all steps reasonably required to protect the confidentiality of the information during such use or disclosure.

10. **Filed Under Seal**. Information and/or documents designated as "confidential" or "highly confidential" need not be filed with the Clerk except when required in connection with motions under Fed. R. Civ. P. 56 or other matters pending before the Court. All documents, briefs, and other papers containing, referring to or otherwise disclosing confidential information which are filed with (or otherwise submitted to) the court shall not be disclosed by any party except as provided in this Order. Any party seeking to seal any such materials shall request leave of the court, in advance, to file the materials under seal.

11. **Termination of Representation**. If the attorney(s) for any party cease to represent their client before the conclusion of this matter, the attorney will meet and confer with the producing party on the handling of the "confidential" or "highly confidential" information. If there is a dispute as to handling of this material, then the withdrawing party will file a motion with the Court seeking guidance and relief from this Order

12. **Client Consultation**. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying on examination of information and/or documents designated as "confidential" or "highly confidential" information; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not under any circumstances disclose any personal information as referenced in paragraph 2(a), nor shall counsel disclose confidential information except pursuant to paragraph 5.

13. **Use Restricted to This Litigation**. Persons obtaining access to documents and information designated as "confidential" or "highly confidential" shall use the information *only* for this litigation and not for any other purpose, including but not limited to business,

7

governmental, commercial, administrative, and/or other purposes including but not limited to judicial proceedings.

    14.    **Independent Knowledge**.  Nothing in this Order limits any person's ability to disclose information that the person demonstrably knows independently or from public records.

    15.    **Modification Permitted**.  Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

    16.    **No Waiver**.  In accordance with Rule 502(d) of the Federal Rules of Evidence, the inadvertent production of any document or item shall not constitute a waiver of any applicable privilege, for purposes of this litigation or any future litigation.  If a party inadvertently produces information which it asserts is protected by the attorney-client privilege or work product doctrine, without intending to waive a claim of privilege, it shall promptly notify the receiving party of its claim of privilege.  After being so notified, the receiving party shall promptly return or destroy the specified information and any copies.

    17.    **Responsibility of Attorneys**.  The attorneys of record are responsible for employing reasonable measures to control, consistent with this Order, duplication of, access to, and distribution of "confidential" or "highly confidential" information and/or copies of documents designated as "confidential" or "highly confidential" information.

    18.    **Admissibility of Evidence in Court**.  The provisions of this Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding in court, except as directed by separate order entered for good cause shown.

    19.    **Health Insurance Portability and Accountability Act of 1996**.  This Protective Order shall also serve as a qualified protective order under the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996) and its implementing regulations, and shall serve as an order authorizing any health care and/or mental health care provider, health plan, or other entity covered by HIPAA, to produce unredacted protected health information, which includes documents and records relating to the past, present, or future medical or mental condition of any individual who is or was an inmate in the custody of ADOC at any time between January 1, 2018 and the trial of this action. This Protective Order authorizes any third party who receives a subpoena in this action requesting the production of documents or commanding attendance at deposition or trial to disclose the protected health information in response to such request or subpoena.  This Protective Order is intended to authorize such disclosures under the privacy regulations issued pursuant to HIPAA.  45 C.F.R. § 164.512(e)(1)(i).

      The Clerk is directed to send copies of this Order to all counsel of record.

Dated: _____

 

_____
UNITED STATES DISTRICT JUDGE