UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SONDRA RAY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| **v.** } | Case No.: 2:20-cv-00499-RDP |
| } | |
| **RODERICK GADSON,** *et al.***,** } | |
| } | |
| **Defendants.** } | |

## ORDER

On October 1, 2023, the Magistrate Judge's Report and Recommendation was entered, and the parties were allowed fourteen (14) days in which to file objections. (Doc. # 199). On November 2, 2023, Plaintiff filed her objections. (Doc. # 202).

On June 20, 2023, Defendants Jefferson Dunn, Edward Ellington, Arnaldo Mercado, F.S. Sides,[1] Deaundra Johnson, Shannon Caldwell, Wilson Clemons, Steven Harrison, Clifford O'Neal, Robert Williams, Roderick Gadson, Glenn Teague (collectively, "Defendants"),[2] along with non-party Alabama Department of Corrections ("ADOC") filed a Motion for Protective Order. (Doc. # 170). This court referred the Motion to the Magistrate Judge for entry of a report and recommendation. (Doc. # 175). While the Magistrate Judge evaluated the ADOC Parties' Motion, Defendant Gadson filed a Motion to Seal. (Doc. # 193).

In his Report and Recommendation, the Magistrate Judge recommended that:

---

[1] The court notes that Mercado and Sides were dismissed from this case on November 2, 2023. (Doc. # 201).

[2] For brevity purposes, Defendants and the ADOC are collectively referred to as the "ADOC parties."

> (1) the Motion for Entry of Protective Order (Doc. # 170) and Joint Motion to Submit (Doc. # 198) be GRANTED to the extent they seek entry of the Protective Order filed by the parties (Doc. # 198-1);
>
> (2) the Motions previously mentioned be GRANTED to the extent they seek to designate the following categories of documents as "confidential" under the proposed Protective Order: 3-9, 11-13, 15-17, 19-25, and 42;
>
> (3) the Motions previously mentioned be DENIED in all other respects; and
>
> (4) the Motion to Seal (Doc. # 193) be DENIED.

(Doc. # 199).

A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The court must consider any timely objections and review the magistrate judge's ruling under the clearly erroneous or contrary to law standard. *Jordan v. Comm'r, Miss. Dep't. of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing Fed. R. Civ. P. 72(a)). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

No objection was filed as to Defendant Gadson's Motion to Seal. (Doc. # 193). Therefore, the court **ADOPTS** the Report of and **ACCEPTS** the recommendation of the Magistrate Judge as to the Motion to Seal.

As to the rest of the Report and Recommendation, Plaintiff advances three main arguments in support of her objection. (Doc. # 202). First, Plaintiff claims that the ADOC Parties lack support

for their request for confidentiality. Second, Plaintiff claims that the ADOC Parties failed to show good cause for the proposed protective order. And finally, Plaintiff claims that the Magistrate Judge erred in how he classified the disputed documents and information.

Plaintiff asserts that the ADOC Parties' practices and procedures along with Alabama law undermine their request for confidentiality. The court disagrees. Plaintiff relies on Alabama law to attack the legitimacy of Defendants' confidentiality concerns. But, Plaintiff does not claim that the Magistrate Judge misapplied the law or erred in his factual findings. Rather, Plaintiff argues that the Magistrate Judge's reliance on the ADOC Parties' stated interest in safety, security, privacy, and protecting confidential information was misplaced. The court disagrees. The Magistrate Judge's ruling regarding Defendants' request for confidentiality was not error.

Plaintiff also objects to the Magistrate Judge finding that there is good cause for a protective order in this case. Federal Rule of Civil Procedure 26(c) provides, in relevant part: "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "As indicated, the sole criterion for determining the validity of a protective order is the statutory requirement of 'good cause.' *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). To help determine whether a party has satisfied Rule 26(c)'s good cause requirement, a court "balance[s] the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001). The Eleventh Circuit has provided four additional factors for courts to consider in their good cause analysis: "[1] the severity and the likelihood of the perceived harm; [2] the precision with which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the order." *In re: Chiquita Brands, Int'l, Inc.*, 965 F.3d 1238, 1251 (11th Cir. 2020) (quoting *In*

3

*re Alexander Grant*, 820 F.2d at 356). "[N]otably, these factors are not exhaustive." *Id.* In balancing the interests here, the Magistrate Judge weighed Plaintiff's concerns about effective trial preparation and her ability to use independently obtained information, on the one hand, against Defendants' interests in confidentiality, on the other. Although he did not reference the exact language of the Eleventh Circuit, the Magistrate Judge weighed each party's interest. Ultimately, the Magistrate Judge found that there is good cause to enter the proposed protective order (Doc. # 198-1) because it addresses and eliminates most of the concerns raised by Plaintiff while at the same time honoring the legitimate concerns raised by the ADOC Parties. Thus, given its tailored language, the court finds that the order is not overly broad and the Magistrate Judge was not clearly erroneous in finding good cause for entering the proposed protective order.

Finally, Plaintiff disagrees with the "confidential" designation of the disputed documents. The Magistrate Judge found that documents 3-9, 11-13, 15-17, 19-25, and 42 should be classified as confidential and thus protected under the proposed protective order. The Magistrate Judge analyzed how the common-law law-enforcement privilege and its state analogue apply to this case. Using ten factors previously relied upon by this court, *Dept. of Tex. Veterans of Foreign Wars v. Dorning,* 2008 WL 11379930 (N.D. Ala. Nov. 10, 2008), the Magistrate Judge found that the ADOC Parties presented legitimate concerns about the public availability of those documents. In reviewing the autopsy photographs, the Magistrate Judge found that confidentiality was warranted because the inflammatory nature of the photographs would "ratchet up the potential for retaliation against the defendants or other correctional officers and run the risk of tainting the jury pool." (Doc. # 199 at 12). After review, the court concludes that the Magistrate Judge's classification of documents 3-9, 11-13, 15-17, 19-25, and 42 as confidential is not erroneous.

Plaintiff next argues that, if the protective order is entered, she will be prohibited from effectively preparing for trial. However, the language of the proposed protective order itself undermines Plaintiff's arguments. That is, the proposed protective order makes clear that designated documents and information may be disclosed (consistent with the order). (Doc. # 198-1). The proposed protective order further allows either party to dispute any documents or information designated as "confidential" or "highly confidential." Rather than a "gag order," which Plaintiff claims this to be, the proposed protective order limits the appropriately designated documents to be used at and for trial. This is fully in line with the general purpose of discovery. (Doc. # 199 at 4). "Discovery, whether civil or criminal, is essentially a private process because the litigants and the courts assume that the sole purpose of discovery is to assist trial preparation." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (citations omitted). "That is why parties regularly agree, and courts often order, that discovery information will remain private." *Id.* (citations omitted). This protective order would not cause Plaintiff to be "gagged about her son's death" (Doc. # 202 at 4). Rather, it strikes an appropriate balance between the conflicting interests regarding the disputed documents.

After careful review of the Magistrate Judge's Report and Recommendation and Plaintiff's objections, the court **ADOPTS** the Report of the Magistrate Judge. The court further **ACCEPTS** the recommendations of the Magistrate Judge. Accordingly, Defendant Gadson's Motion to Seal (Doc. # 193) is **DENIED**. In addition, the Motion for Entry of Protective Order (Doc. # 170) and Joint Motion to Submit (Doc. # 198) are **GRANTED IN PART** and **DENIED IN PART**. To the extent that the motions seek the entry of the proposed protective order and the designation of documents 3-9, 11-13, 15-17, 19-25, and 42 as "confidential," the Motions are **GRANTED**. The Motions are **DENIED** in all other respects.

A Protective Order will be entered contemporaneously in accordance with this Order.

**DONE** and **ORDERED** this February 13, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE